UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KHALID H.,

Petitioner,

v.

CHRISTOPHER CHESTNUT, Warden of California City Detention Center; SERGIO ALBARRAN, Field Office Director of Enforcement and Removal Operations, San Francisco Field Office; KRISTI NOEM, Secretary of the United States Department of Homeland Security; PAMELA BONDI, Attorney General of the United States,

Respondents.

No.  1:26-cv-00531-KES-EPG (HC)

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Doc. 1

Petitioner Khalid H. is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order.[1]  Docs. 1, 2.  The Court has previously addressed the legal issues raised by claims one and four of the petition.  *See, e.g.*, *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits petitioner's full name, using only his first name and last initial, to protect sensitive personal information.  *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

(E.D. Cal. Dec. 16, 2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025).

The Court informed the parties that it intended to rule directly on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders in *Elmer Joel M. C. v. Wofford*, *Clene C.D. v. Robbins*, *Bilal A. v. Wofford*, and *W.V.S.M. v. Wofford*, and that would justify denying the petition. Doc. 5. Respondents state that they "do not believe that the Petitioner's case is substantively distinguishable from those cases." Doc. 12 at 2 n.1.[2] The Court has previously addressed their arguments in its prior cases.

As respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions in *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025), *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), and *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), the petition for writ of habeas corpus is GRANTED as to claims one and four, for the reasons addressed in those prior orders.[3]

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[2] Respondents also state that they "submit the matter on this filing and do not request a hearing." Doc. 12 at 2.

[3] The Court need not address petitioner's other claims as petitioner is entitled to the relief he seeks based on the Court's ruling on claims one and four.

Respondents are ORDERED to release petitioner immediately.  Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

The Clerk of Court is directed to close this case and enter judgment for petitioner.

IT IS SO ORDERED.

Dated:    January 28, 2026

_____
UNITED STATES DISTRICT JUDGE